[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} The defendant-appellant, Alan Schilling, appeals from the judgment of the trial court adjudicating him a sexual predator following a sexual-offender-classification hearing conducted pursuant to R.C.2950.09(C). In his four assignments of error, Schilling contends that the trial court's adjudication was against the manifest weight of the evidence and that R.C. 2950.09 violates numerous provisions of the state and federal constitutions — the Ex Post Facto Clause of the United States Constitution, the prohibition against retroactive laws in Section28, Article II, of the Ohio Constitution, the Double Jeopardy Clause of the United States Constitution, and the Fourteenth Amendment's proscription against laws that are unconstitutionally vague. We disagree and thus affirm.
{¶ 3} On July 22, 1994, Schilling entered a guilty plea, pursuant to a plea bargain, and the trial court sentenced him to an indefinite prison term of four to fifteen years for attempted rape in violation of R.C. 2923.02, and to a definite two-year prison term for gross sexual imposition in violation of R.C. 2907.05. The sentences were ordered to run consecutively. Following the trial court's order, Schilling was returned for a sexual-offender-classification hearing and he was adjudicated a sexual predator on May 6, 2002. The trial court notified him in open court and in its judgment entry of the requirement that he register with the sheriff and of the penalties if he did not.
{¶ 4} We overrule Schilling's constitutional challenges to R.C.2950.09 upon the authority of State v. Cook, 83 Ohio St.3d 404,1998-Ohio-291, 700 N.E.2d 570, certiorari denied (1999), 525 U.S. 1182,119 S.Ct. 112, and State v. Williams, 88 Ohio St.3d 513, 2000-Ohio-428,728 N.E.2d 342. These cases have already addressed and rejected each of his arguments.
{¶ 5} In the sole remaining assignment of error, Schilling argues that his adjudication as a sexual predator was against the manifest weight of the evidence and failed to conform to the model procedure established in State v. Eppinger, 91 Ohio St.3d 158, 2001-Ohio-247,743 N.E.2d 881.
{¶ 6} A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). The prosecution must prove by clear and convincing evidence that an offender is a sexual predator. See R.C. 2950.09(B)(3); State v.Cook, supra. Clear and convincing evidence is that measure of proof that produces a firm belief as to the allegations sought to be established.State v. Eppinger, supra. Coming in a civil proceeding, a sexual-predator adjudication must be affirmed if it is supported by some "competent, credible evidence going to all essential elements of the case." C.E.Morris v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.
{¶ 7} At the sexual-offender-classification hearing, the state offered Schilling's prior record, the indictment, the grand-jury transcript, and a 1994 "advisability of treatment" form. Schilling presented a certificate showing that he had completed the Monticello Sex Offender treatment program while in prison. The evidence was undisputed that Schilling had molested the seven- and six-year-old daughters of the woman with whom he was living by touching their vaginal areas with his hands and his penis on repeated occasions over the course of a year. On more than one occasion, he had tried to achieve penetration with his penis.
{¶ 8} The trial court complied with the Eppinger model, reviewing the evidence submitted in the context of the enumerated factors in R.C.2950.09(B) for assessing the likelihood of recidivism. The trial court considered and discussed on the record Schilling's age of twenty-two at the time he committed the offenses, the age of the two victims, and the pattern of abuse demonstrated by Schilling's sexual misconduct. The trial court observed that Schilling's psychiatric evaluation at the time of his conviction noted his prognosis as "fair at best." There was also evidence that Schilling did not follow through with counseling after completing the Monticello Sex Offender treatment program. Finally, the trial court concluded that because "he carried on this sexual activity with six and seven year olds over a period of time," Schilling was a pedophile.
{¶ 9} We hold that there was competent, credible evidence to support the trial court's judgment that Schilling was likely to engage in the future in one or more sexually-oriented offenses. Therefore, we hold there was clear and convincing evidence to support the trial court's adjudication of Schilling as a sexual predator.
{¶ 10} Accordingly, the judgment of the trial court is affirmed.
{¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Winkler and Gorman, JJ.